Filed 1/29/24  P. v. Young CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098390 |
| v. | (Super. Ct. No. 95F03250) |
| BANQUO DEBLESIO YOUNG, | |
| Defendant and Appellant. | |

In 1999, a jury convicted defendant Banquo Deblesio Young of first degree murder.  In 2022, defendant petitioned the trial court for resentencing under Penal Code section 1172.6,[1] contending he had been convicted under an abrogated theory of murder.  The trial court denied the petition at the prima facie stage.

Defendant appeals from the denial of his petition, arguing the record of conviction does not conclusively preclude his eligibility for resentencing.  Because defendant is not entitled to relief as a matter of law, we will affirm the trial court's order denying the petition for resentencing.

---

[1] Undesignated statutory references are to the Penal Code.

## BACKGROUND

The facts of the offenses are set forth in our prior opinion from defendant's direct appeal. (See *People v. Young* (Nov. 30, 2001, C033911) [nonpub. opn.].) As relevant here, in 1994, shots were fired at six men while they were riding in a car. A bullet struck one passenger in the head, killing him; a second passenger was hit but survived. (*Ibid*.)

The jury found defendant guilty of first degree murder (§ 187, subd. (a)), assault with a firearm (as a lesser offense included in a charge of attempted murder) (§ 245, subd. (a)(2)), and shooting at an occupied vehicle (§ 246). As to the murder charge, the jury found not true an allegation that defendant personally used a firearm. (§ 12022.5, subd. (a)) The trial court sentenced defendant to 25 years to life in prison for the murder conviction and two years eight months for the other offenses.

The only theory of first degree murder set forth in the jury instructions was for a willful, deliberate, and premeditated killing with express malice aforethought. The trial court instructed the jury on three theories of second degree murder: (1) express malice murder without deliberation and premeditation; (2) implied malice murder; and (3) felony murder. The trial court did not provide any instructions on aiding and abetting liability or the natural and probable consequences doctrine. As to the offense of assault with a firearm, the trial court instructed the jury that, in order to prove this crime, it must be proved that "[t]he assault was committed with a firearm." And as the offense of shooting at an occupied vehicle, the jury was instructed that, in order to prove this crime, it must be proved that "[a] person unlawfully discharged a firearm at an occupied vehicle" and that the "discharge of the firearm was willful and malicious."

In 2022, defendant filed a petition for resentencing under section 1172.6. The trial court denied defendant's petition at the prima facie stage, explaining that defendant was ineligible for relief as a matter of law because "the jury's verdict of first degree murder could only be arrived [at] under a still valid theory of liability."

2

DISCUSSION

Defendant argues the trial court erred in denying his resentencing petition because he may have been convicted under a now-invalid theory of murder. We disagree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill 1437 added what is now section 1172.6, which applies these changes retroactively by permitting qualifying individuals who were "convicted of felony murder or murder under the natural and probable consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts" when certain conditions apply. (§ 1172.6, subd. (a).) One of the required conditions is that the "petitioner could not presently be convicted of murder" after the amendments enacted by Senate Bill 1437. (§ 1172.6, subd. (a)(3).) Once a complying petition is filed, the trial court appoints counsel if requested, the parties submit briefs, and the trial court makes a prima facie determination of eligibility. (*People v. Lewis* (2021) 11 Cal.5th 952, 966.) The prima facie inquiry is "limited" and courts must take " ' "petitioner's factual allegations as true." ' " (*Id*. at p. 971.) " 'However, if the record [of conviction], including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.)

In this case, the record of conviction establishes that defendant is ineligible for relief. The first degree murder instructions required the jury to conclude that defendant committed the murder willfully, deliberately, with premeditation, and with express

malice aforethought. Defendant was therefore not convicted under any theory of murder affected by Senate Bill 1437 -- e.g., felony murder or murder under the natural and probable consequences doctrine -- and he could still be convicted of murder under the current law. (See *People v. Romero* (2022) 80 Cal.App.5th 145, 153 [holding that committing "intentional, deliberate, and premeditated murder establishes that [the defendant] acted with actual malice sufficient to sustain the murder conviction under the law as amended by Senate Bill No. 1437"].)

Defendant nevertheless contends "the record of conviction leaves open the possibility that the jury found that while [defendant] had express malice, another person[] murdered the victim during the commission of the felony of shooting at an inhabited motor vehicle." This argument is primarily based on the jury's not true finding on the firearm enhancement, which defendant argues is inconsistent with the jury's first degree murder conviction. But as the California Supreme Court has explained, "[a]s a general rule, inherently inconsistent verdicts are allowed to stand. [Citations.] For example, 'if acquittal of one count is factually irreconcilable with a conviction of another, or if a not true finding of an enhancement allegation is inconsistent with a conviction of the substantive offense, effect is given to both.' " (*People v. Avila* (2006) 38 Cal.4th 491, 600.) Giving effect to defendant's first degree murder conviction in this case means the jury found defendant guilty of willful, intentional, and premeditated murder with express malice aforethought. That conviction is not negated or transformed into a murder conviction based on imputed malice just because the jury found defendant did not personally use a firearm. Moreover, the central premise of defendant's argument -- that the firearm enhancement finding means the jury believed defendant was not the shooter -- is undermined by defendant's other convictions for assault with a firearm and shooting at an occupied vehicle.

Defendant's reliance on *People v. Ervin* (2021) 72 Cal.App.5th 90 is misplaced. In *Ervin*, the court concluded that the defendant had established a prima facie case for

4

resentencing under section 1172.6, in part because the jury found not true that he personally used a firearm in the commission of the murder. *(Ervin,* at p. 104.) However, in that case the trial court had instructed the jury on two theories of first degree murder: a premeditated and deliberate murder, and the former felony-murder rule. (*Id*. at p. 102.) Therefore, it was possible that the jury's first degree murder conviction was based on a now-abrogated theory of murder. That is not the case here, where the jury received no first degree felony-murder instruction.

For these reasons, defendant is ineligible for section 1172.6 relief as a matter of law.

## DISPOSITION

The postjudgment order denying defendant's petition for resentencing is affirmed.


                                                    /S/
                                    MAURO, Acting P. J.


We concur:


      /S/
DUARTE, J.


      /S/
MESIWALA, J.

5